UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYAKKA RIVER RESORT, LLC,

    Plaintiff,

v.                                                  Case No: 8:20-cv-01124-T-36AEP

CITY OF NORTH PORT,

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon Plaintiff's Motion to Remand (the "Motion"), (Doc. 15), and Defendant's response thereto, (Doc. 18). The Court, having considered the Motion and being fully advised in the premises, will grant-in-part and deny-in-part the Motion.

**I.   BACKGROUND**

Myakka River Resort, LLC ("Plaintiff") initiated this inverse condemnation action against the City of North Port ("Defendant") in state court on February 12, 2020. (Doc. 1-1 at 12). A return of service indicates that Plaintiff served an executive assistant at the City Hall of Defendant with a copy of the summons and complaint (the "Original Complaint") on March 16, 2020. (Doc 1-6 at 2). The Original Complaint contained two claims for inverse condemnation. (Doc 1-1 ¶¶ 27, 34). Significantly, in each claim, Plaintiff alleged that Defendant's installation, maintenance, and operation of the waterline that ran under Plaintiff's property violated the Fifth and Fourteenth Amendments to the United States Constitution and Article X, Section 6 and Article I, Section 9 of the Florida Constitution. *Id.* Plaintiff also brought a claim for unjust enrichment and, alternatively, claims for injunctive relief and breach of implied-in-law contract. *Id.* at ¶¶ 40–56.

According to Defendant, Plaintiff's counsel notified Defendant's counsel that Plaintiff planned to file an amended complaint shortly after service of the Original Complaint. (Doc. 1 at 1). Indeed, Plaintiff filed and served an amended complaint (the "Amended Complaint") on April 17, 2020. (Docs. 1 at 1; 1-3 at 12; 15 at 2). The Amended Complaint includes the Original Complaint's claims and adds a negligence claim, which also arises out of the installation, maintenance, and operation of the underground waterline. *Id.* at ¶¶ 45–49. Defendant removed this action on May 14, 2020, (Doc. 1 at 3), twenty-seven days after service of the Amended Complaint on April 17, 2020, (Docs. 1 at 1; 15 at 5), but fifty-nine days after service of the Original Complaint on March 16, 2020, (Doc. 1-6 at 2).

Plaintiff now moves to remand this action, arguing that Defendant's removal is untimely because Defendant removed outside of the applicable thirty-day period. (Doc. 15 at 4). Plaintiff also contends that, because its inverse condemnation claims rely on both the Florida Constitution and the United States Constitution, the federal claims are not "essential elements" of the causes of action, do not "predominate" its claims, and should not serve as the basis for federal subject matter jurisdiction. *Id.* at 6–7. Additionally, Plaintiff requests an award of attorneys' fees and costs because the removal was untimely and the asserted basis for federal jurisdiction is meritless. *Id.* at 7–8.

Defendant responds that it anticipated that Plaintiff's addition of the negligence claim would change Plaintiff's cause of action and that it could "verify that the common nucleus of fact" and "the federal nature of the claims remained" only after Plaintiff filed the Amended Complaint. (Doc. 18 at 4). As such, Defendant asserts that it timely filed the Notice of Removal within thirty days of the "operative" Amended Complaint. *Id.* Defendant also argues that a sufficient federal

question exists. *Id.* at 5–7. Defendant further contends that Plaintiff is not entitled to an award of attorneys' fees because the basis for removal was objectively reasonable. *Id.* at 7.

## II. LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists when the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The party seeking removal bears the burden of proving proper federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Generally, "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Because federal courts are courts of limited jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enters., Inc.,* 389 F.3d 1185, 1189 (11th Cir. 2004) (internal quotation marks omitted); *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1326 (M.D. Fla. 2003) (citation omitted).

## III. ANALYSIS

### A. Timeliness of Removal

The Court begins with an analysis of the timeliness of Defendant's removal. For purposes of this analysis, the Court presumes that a right or immunity under federal law serves as an

"essential element" of Plaintiff's inverse condemnation claims, as Defendant's removal was untimely notwithstanding such right or immunity serving as an "essential element" of the claims.[1]

The law requires a defendant to file a notice of removal

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial* pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

The Supreme Court has emphasized that "the simultaneous service of the summons and the complaint" triggers the time for a named defendant to remove an action. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Thus, generally, a defendant must remove an action within thirty days of service of a copy of the initial pleading upon the defendant. Here, Defendant removed the action fifty-nine days after service of the Original Complaint.

However, a statutory exception to this requirement exists.[2] The statute provides, "*[I]f the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty

---

[1] Plaintiff argues that the federal claims presented in the Amended Complaint, which are the same as those presented in the Original Complaint, are "not essential element[s]" of its "cause of action for inverse condemnation" and "federal issues" do not "predominate," as stated in the Notice of Removal. (Doc. 15 at 7). "To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (alteration in original) (internal quotation marks omitted); *see also* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 3722 (4th ed. 2011) ("[T]he principle governing federal-question removal is this: the right or immunity created by the Constitution, a treaty, or other federal law that is claimed to provide the basis for bringing the state-court case into the federal system by way of removal must be an essential element of the plaintiff's properly pleaded claim for relief."). Because Defendant's removal of the action is untimely even if a right or immunity under federal law serves as an "essential element" of the inverse condemnation claims, the Court need not address this argument.

[2] Some courts have also recognized a judicially-created "revival exception" that allows "a defendant who fails to exercise his removal rights on the first available basis to newly assert the

4

days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

Plaintiff filed the Original Complaint, which initiated this action, on February 12, 2020, (Doc. 1-1 at 12), and served the Original Complaint on March 16, 2020, (Doc. 1-6 at 2). Plaintiff subsequently filed the Amended Complaint on April 17, 2020, (Doc 1-3 at 12), but Defendant did not file its Notice of Removal until May 14, 2020, which was fifty-nine days after it was initially served, (Doc. 1 at 3). Thus, Defendant filed its Notice of Removal outside of the 30-day limitation provided for by 28 U.S.C. § 1446. In responding to the Motion, Defendant focuses on the statutory exception set out in § 1446(b)(3), arguing that it timely removed the action within twenty-seven days of receipt of the Amended Complaint under § 1446(b)(3). (Doc. 18 at 4). Defendant's argument regarding the statutory exception's applicability is unavailing.

The plain language of § 1446(b)(3) makes clear that this exception is applicable only if "the case as stated in the initial pleading is not removable" and "it may be *first* ascertained" from

---

right to remove based on the occurrence of certain later events." *Doe v. Fla. Int'l Univ. Bd. of Trustees*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006). This exception encompasses two situations: (1) "where a plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day removal limit expires"; or (2) "when an amended complaint is filed which 'fundamentally alter[s]' the complexion of the case to such a degree that the amended complaint creates 'an essentially new lawsuit.'" *Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23, 31 (M.D. Fla. 2002) (alteration in original) (citing *Wilson v. Intercollegiate (Big Ten) Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir. 1982)). However, the Eleventh Circuit has yet to endorse or adopt this exception. *Nickle v. Israel*, No. 14-62952-CIV, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015); *see also Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) ("A defendant's right to remove an action against it from state to federal court is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress."). Further, at least one district court in this circuit has expressed doubt that the Eleventh Circuit would recognize this exception. *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351 (S.D. Ala. 2014). Because the Eleventh Circuit has not adopted or endorsed this "revival exception" and neither party raises the issue, the Court declines to address the exception.

a copy of an amended pleading, that the case is, or has become, removable to federal court. 28 U.S.C. §1446(b)(3) (emphasis added); *see also* Wright et al., *supra*, § 3731 ("[A]n amendment of the complaint will not revive the period for removal if the state-court case previously was removable but the defendant failed to exercise the right to remove.").

Assuming that a right or immunity under federal law serves as an "essential element" of Plaintiff's inverse condemnation claims, these claims raise a federal question, and the Court has original jurisdiction over the claims. Significantly, the Original Complaint contained these inverse condemnation claims. (Docs. 1-1 ¶¶ 27, 34). As such, the action, as stated in the Original Complaint, was removable, and service of the Original Complaint on Defendant triggered the running of the thirty-day period under 28 U.S.C. § 1446(b). The Amended Complaint contains the same claims. (Doc. 1-3 ¶¶ 32, 39). Indeed, as Plaintiff observes, the Amended Complaint is "virtually identical" to the Original Complaint, except that Plaintiff adds a state law negligence claim. (Doc. 15 at 2). Thus, the basis for removal—the federal questions presented by the inverse condemnation claims—can be found in both iterations of the complaint, and Defendant removed only upon Plaintiff's amendment of the Original Complaint. Defendant, therefore, did not first ascertain the removability of the case upon its receipt of the Amended Complaint. Because the case as stated in the Original Complaint was removable and Defendant did not first ascertain the removability of the action from the Amended Complaint, the statutory exception is inapplicable.

Defendant does not argue that the action, as stated in the Original Complaint, was not removable. Defendant asserts that it had to wait for the Amended Complaint in order to discern "whether the federal claims would continue to pervade" and, therefore "whether removal was proper or desirable." (Doc. 18 at 4). However, forecasting whether federal claims will "continue to pervade" in an amended pleading is not the applicable analysis for this statutory exception.

Rather, the question is whether the case, as stated in the Original Complaint, was not removable and, if so, whether Defendant first ascertained from the Amended Complaint that the case was, or had become, removable. The case stated in the Original Complaint was removable, and Defendant did not first ascertain the removability from the Amended Complaint. Further, Defendant's argument that remanding this action would run aground of the purpose of the thirty-day rule and judicial economy is unavailing. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329–30 (11th Cir. 2010) (finding considerations of economy, efficiency, and finality to support the court's decision not to vacate the judgment and remand for new trial in state court where the litigation had spanned over a year in federal court and had included significant discovery, multiple pretrial motions, and a jury trial).

As such, because the Notice of Removal was filed more than thirty days after the deadline began to run and the statutory exception is inapplicable, the Motion is due to be granted.

### B. Attorneys' Fees

Plaintiff requests an award of attorneys' fees and costs incurred because of Defendant's improper removal of this action. (Doc. 15 at 7–8). "An order remanding [a] case *may* require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As "[t]he word 'may' clearly connotes discretion," the awarding of attorneys' fees should not be automatic. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (alteration in original).

The Supreme Court has provided some guidance for the use of such discretion: "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. The Eleventh Circuit has noted that this reasonableness standard was intended to balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe Cnty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

Here, Defendant's purported basis for removal was objectively reasonable. Two of Plaintiff's claims rested on separate federal Constitutional provisions that could possibly confer original jurisdiction. Plaintiff notified Defendant of its intention to amend the Original Complaint. Plaintiff subsequently served the Amended Complaint, and only thereafter did Defendant remove the action. While a statutory exception to the thirty-day limitation exists, this exception is inapplicable. Defendant's removal is grounded in a mistaken measurement for the time to remove an action. Although mistaken, the Court does not find that Defendant's removal lacked an objectively reasonable basis, which the law requires for the imposition of attorneys' fees. As such, the Court, in its discretion, will deny Plaintiff's request for attorneys' fees and costs incurred as a result of the removal.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 15) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

2. This case is **REMANDED** to the Circuit Court for the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

3. Plaintiff's request for attorneys' fees and costs is **DENIED**.

4. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

5. The Clerk is further directed to terminate all pending motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on June 30, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any